UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 12-cr-80118-BLOOM**

UNITED STATES OF AMERICA,

     Plaintiff,

v.

DERIC WILLIS,

     Defendant.

_____/

## ORDER ON MOTION FOR COMPASSIONATE RELEASE

**THIS CAUSE** is before the Court upon Defendant Deric Willis's ("Defendant") Motion for Compassionate Release Under 18 U.S.C. 3582(c)(1)(A)(i), ECF No. [386] ("Motion"). The Government filed a Response, ECF No. [387], to which Defendant filed a Reply, ECF No. [388]. The Court has carefully reviewed the Motion, all opposing and supporting submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons discussed below, the Motion is denied.

## I.    BACKGROUND

On December 4, 2012, Defendant pled guilty to one count of conspiracy to possess with intent to distribute 28 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count 1). ECF Nos. [209], [260].

According to Defendant's PSI, Defendant was deemed a career offender under United States Sentencing Guideline ("Sentencing Guideline") § 4B1.1(a):

> According to § 4B 1.1(a), the defendant is considered a career offender because he was at least 18 years old at the time of the instant offense, the instant offense is a felony substance controlled offense, and the defendant has at least two prior felony convictions of a controlled substance offenses and a crime of violence. The defendant was convicted on June 6, 1991 for second degree murder, Dkt. No. 1991-

CF-001855; on March 30, 2003 for sale of cocaine, Dkt. No. 2002-CF-015384; and on February 26, 2004 for sale of cocaine, Dkt No. 2003-CF-014006. Since the statutory maximum penalty for the instant offense is 40 years, the offense level is 34, § 4B 1.1(b).

PSI ¶ 60.

Further, as part of the plea agreement, "[t]he government agreed to not file an enhancement under 21 U.S.C. § 851, which would have provided for an advisory guideline imprisonment range of 262 to 327 months, with a reduction for acceptance of responsibility, and a statutory exposure of 10 years to life imprisonment." PSI ¶ 115. Accordingly, Defendant's advisory guideline range was 188-235 months' imprisonment based on a total offense level of 31. PSI ¶ 105.

On February 26, 2013, this Court sentenced Defendant to a total term of imprisonment of 204 months, followed by a four-year term of supervised release. ECF No. [260]. Defendant is currently housed at Jesup Federal Correctional Institution in Jesup, Georgia, and is projected to be released from custody on April 10, 2027. ECF No. [386] at 29.

Defendant argues he is entitled to a reduced sentence because "[e]xtraordinary and compelling reasons exist under any of the following circumstances or a combination thereof," specifically:

> (6) UNUSUALLY LONG SENTENCE.—If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

ECF No. [386]. The Government opposes a sentence reduction. ECF No. [387].

## II.    LEGAL STANDARD

The court may not modify a term of imprisonment once it has been imposed except that—
(1) in any case—

(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

      (i) extraordinary and compelling reasons warrant such a reduction; …

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

(B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and

(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c).

Pursuant to Sentencing Guideline § 1B1.13(a), the court may "reduce a term of imprisonment…" if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—

**(1)(A)** Extraordinary and compelling reasons warrant the reduction; or
**(B)** The defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
**(2)** The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
**(3)** The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13(a). Guideline § 1B1.13 sets forth the six circumstances that constitute

"Extraordinary and compelling reasons" warranting a sentence reduction, including:

(6) Unusually Long Sentence.--If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an

extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(3),(6).

In order to grant Defendant's request pursuant to § 3582(c)(1)(A), the Court must find:

*First*, when the defendant brings the motion himself, the Court must ascertain whether he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [whether there has been a] lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(a). *Second*, the Court should "consider[] the factors set forth in section 3553(a) to the extent that they are applicable." *Id. Third*, the Court should turn to the "extraordinary and compelling reasons" test . . . . And *fourth*, the Court should determine whether the defendant poses a "danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *Id.*

*United States v. Stuyvesant*, 454 F. Supp. 3d 1236, 1238 (S.D. Fla. 2020).

The Defendant bears the burden of establishing that compassionate release is warranted. *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) (explaining that "a defendant, as the § 3582(c)(2) movant, bears the burden of establishing that" compassionate release is warranted, but that, even where a defendant satisfies this burden, "the district court still retains discretion to determine whether a sentence reduction is warranted").

## III.    DISCUSSION

### A.  Administrative Exhaustion

Defendant argues that he exhausted his administrative remedies as he submitted his Inmate Request for Compassionate Relief to staff, to Federal Bureau of Prisons Staff Warden G. Swaney, who declined to pursue compassionate release for Defendant. ECF No. [386] at 1-2, 18. The Government does not respond to this argument.

To file a motion for a reduced sentence, Defendant must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the

defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). On November 1, 2023, Defendant submitted a request that the warden file a compassionate release motion on his behalf. ECF No. [386] at 18. The warden responded by denying his request on November 9, 2023, noting that "[a]t this time, the Bureau of Prisons is not exercising its authority to file motions under this provision. Thus, the Bureau of Prisons will not be filing amotion requesting a sentence reduction." *Id.* at 18. Additionally, the warden instructed Willis that he "may file a motion requesting a sentence reduction pursuant to 18 U.S.C. § 3585(c)(2) directly with the court that imposed [his] sentence" with no need to "exhaust administrative remedies." ECF No. [386] at 18. Defendant then filed his Motion for a Sentence Reduction on January 29, 2024.

Accordingly, Defendant has properly exhausted his administrative remedies. This Court proceeds with the remainder of the sentence reduction analysis.

### B. Extraordinary and Compelling Reasons Under § 3582(c)(1)(A)

#### i. Sentencing Commission's Authority to Implement 1B1.13(b)(6)

The Court first reaches the Government's threshold argument that Sentencing Guideline § 1B1.13(b)(6) ("subsection (b)(6)") is an impermissible reading of the statute because an intervening change in the law cannot constitute an "extraordinary" and "compelling" reason for a sentence reduction. ECF No. [387] at 6. The Government asserts that the Sentencing Commission's interpretation of extraordinary and compelling circumstances in subsection (b)(6) is not a reasonable interpretation of that phrase's text. *Id.* at 89. The Government argues that there would have been no reason for Congress to provide for the retroactive application of specific changes in sentencing law in § 3582(c)(2) had § 3582(c)(1)(A)(i) already covered all legal developments, retroactive or not, which suggests that Congress did not intend for Section

3582(c)(1)(A) to reach such changes. *Id.* at 9. The Government asserts that subsection (b)(6) is incompatible with the Sentencing Reform Act's purpose and Congress's intent when it implemented Section 3582(c)(1)(A), as it effectively reproduces the indeterminate system the Act sought to eliminate. *Id.* at 10-11. Finally, the Government argues subsection (b)(6) violates basic separation of powers principles by purporting to empower courts to ignore Congress's retroactivity determinations on a case-by-case basis. *Id.* at 12. Defendant replies that the Sentencing Commission acted within the statutory authority of 18 U.S.C. 3582 § (c)(1)(a) and Congress's directive under 28 U.S.C. § 994(a)(2)(c) to promulgate general policy statements about § 3582(c). ECF No. [388] at 4. Defendant argues that should Congress want to block the Sentencing Commission's subsection (b)(6), it would have done so within the 180 days it had to reject the proposed amendment. ECF No. [388] at 4. Defendant points out that district courts have since been granting reduction of sentences. *Id.* at 5.

This Court previously rejected a nearly-identical argument by the Government. *See*, *e.g.*, *United States v. Qazi,* Case No. 12-cr-60298, ECF No. [357] (S.D. Fla. Sept. 17, 2024). The Court sets forth its analysis for the benefit of the parties. As the Eleventh Circuit recently reiterated,

> Policy statements and commentary in the Guidelines are not binding on federal courts if they "violate[ ] ... a federal statute." *Stinson v. United States*, 508 U.S. 36, 38, 45, 113 S.Ct. 1913, 123 L.Ed.2d 598 (1993). If a policy statement "is at odds" with a federal statute, it must "bow to the specific directives of Congress," and the conflicting portion "must give way" to the statutory directive. *United States v. LaBonte*, 520 U.S. 751, 757, 117 S.Ct. 1673, 137 L.Ed.2d 1001 (1997). When Congress amended Section 3582(c)(1)(A) to allow defendants to file those motions, it rendered some of 1B1.13 inoperative. For instance, the first sentence of Application Note 4 says "A reduction under this policy statement may be granted only upon motion by the Director of the Bureau of Prisons pursuant to 18 U.S.C. § 3582(c)(1)(A)." That provision and the amended Section 3582(c)(1)(A) are mutually exclusive: They cannot possibly coexist. When that happens, we simply apply the statute, which trumps the policy statement.

*United States v. Bryant*, 996 F.3d 1243, 1263 (11th Cir. 2021). However, courts do not have the freedom to define "extraordinary and compelling reasons." *Id.* at 1259, 1264. Moreover, the Commission is specifically authorized by statute to implement sentencing guidelines. *See* 28 U.S.C. § 994(a). The Commission:

> in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples. Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.

28 U.S.C. § 994(t). The Sentencing Commission is accordingly explicitly authorized to describe "extraordinary and compelling reasons for sentence reduction" with one exception: it cannot make "[r]ehabilitation of the defendant alone" an extraordinary and compelling reason. *Id.* The Sentencing Commission determined that such extraordinary and compelling reasons include:

> UNUSUALLY LONG SENTENCE—If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6). Subsection (b)(6) appears to fall squarely within the Sentencing Guidelines' explicit Congressional authority to describe "extraordinary and compelling reasons for sentence reduction[.]" 28 U.S.C. § 994(t).

The Government argues that subsection (b)(6) would restore an indeterminate sentencing regime by leaving sentence reductions to the discretion of the district judge, in violation of the intent behind the Sentencing Reform Act. ECF No. [387] at 11. However, the text of subsection (b)(6) instead appears wholly consistent with the intent of the Sentencing Reform Act, as identified by the Government. Subsection (b)(6) makes an unusually long sentence relevant to determining

whether there is an extraordinary and compelling reason "*only* where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances." U.S.S.G. § 1B1.13(b)(6) (emphasis added). Subsection (b)(6) attempts to achieve exactly what Congress intended with the Sentencing Reform Act, namely "the elimination of unwarranted sentencing disparity." S. Rep. No. 98-225, at 38 (1983).

Further, the Government argues that, in implementing subsection (b)(6), the Sentencing Commission declined to afford the same respect to Congress's retroactivity determinations as it did to its own. ECF No. [387] at 12. The Government asserts that the Sentencing Commission deferred to its own Guidelines by excluding "an amendment to the Guidelines Manual that has not been made retroactive" from qualifying as an extraordinary and compelling reason for a sentence reduction. U.S.S.G. § 1B1.13(b)(6). However, the Government asserts that other changes in law, including a statutory change that Congress explicitly declined to make retroactive, could be applied retroactively. The Government argues that counterintuitive result cannot be squared with the Commission's statutory authority. ECF No. [387] at 12 (quoting *United States v. LaBonte*, 520 U.S. 751, 753, 757 (the Commission "must bow to the specific directives of Congress")).

The Court finds the Government's argument unconvincing. First, courts in this Circuit have already rejected a similar argument. *See, e.g., United States v. Padgett,* No. 5:06CR13-RH, 2024 WL 676767, at *4 (N.D. Fla. Jan. 30, 2024) ("When Congress chooses not to make a change retroactive, it means the change cannot be invoked by every affected defendant. It does not repeal § 3582(c)(1)(A)(i) or prevent an affected defendant whose circumstances are extraordinary and compelling from invoking that provision"). Second, Sentencing Guideline § 1B1.13(c) does permit courts to take nonretroactive amendments to the Sentencing Guidelines into consideration for a

sentence reduction in certain circumstances, namely "if a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction." U.S.S.G. § 1B1.13(c).

The Court is not persuaded by the Government's argument that Congress already provided for the retroactive application of some changes in law in § 3582(c)(2), which it would not have done had § 3582(c)(1)(A)(i) already covered all legal developments, retroactive or not. That argument misunderstands the statutory scheme at issue. The statute considers circumstances allowing for the "Modification of an Imposed Term of Imprisonment" in 18 U.S.C. § 3582(c). The statute states that a court may only modify a term of imprisonment once imposed if there are "extraordinary and compelling reasons" *or* "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c)…" 18 U.S.C. § 3582(c)(1)(A)(i)-(ii). The Commission is then empowered by statute to describe extraordinary and compelling reasons warranting a sentence reduction. *See* 28 U.S.C. § 994(t). Separately, a sentence may be reduced in "the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)[.]" 18 U.S.C. § 3582(c)(2). Such a sentence reduction is not due to "extraordinary and compelling reasons" but stands alone. *Compare* 18 U.S.C. § 3582(c)(1)(A). Nothing in this statutory scheme precludes the Sentencing Commission from including other changes in law as "extraordinary and compelling reasons" warranting a sentence reduction. Because the Sentencing Commission was empowered to describe what constitutes "extraordinary and compelling reasons" warranting a sentence modification by 28 U.S.C. § 994(t), it properly filled in the blanks of the statutory scheme in Sentencing Guideline 1B1.13 and described "extraordinary and compelling reasons" as including an "unusually long sentence."

The Court finds that subsection (b)(6) was a valid exercise by the Sentencing Commission of its statutory authority to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t).

The Court next considers Defendant's argument that he is entitled to a reduced sentence under subsection (b)(6).

### ii. Unusually Long Sentence Under Subsection (b)(6)

Under subsection (b)(6), "a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason" if: (1) "a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment" but (2) "only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." U.S.S.G. § 1B1.13(b)(6). Moreover, the determination of whether there is an extraordinary and compelling reason warranting a sentence reduction must occur "after full consideration of the defendant's individualized circumstances." *Id.* The Sentencing Guidelines further provide that:

> (c) LIMITATION ON CHANGES IN LAW.—Except as provided in subsection (b)(6), a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement. However, if a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction under this policy statement, a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) may be considered for purposes of determining the extent of any such reduction.

> U.S.S.G. § 1B1.13(c).

### a. Unusually Long Sentence and Served Ten Years

Defendant argues that he has received an unusually long sentence. ECF No. [386] at 5. Defendant states he served at least "10 years of the term of imprisonment" as he started his incarceration on June 28, 2012. ECF No. [386] at 4; U.S.S.G. § 1B1.13(b)(6). He has served a total of 11 years and 6 months at the time of filing his Motion for Compassionate Release. ECF No. [386] at 4. The Government does not dispute that Defendant has served ten years of his term of imprisonment nor address the argument that Defendant's sentence is unusually long, so the Court proceeds to the next step of the analysis. Instead, the Government argues that the Sentencing Commission does not have the authority to promulgate subsection (b)(6), an argument the Court has rejected.

### b. Change in the Law

The Court addresses Defendant's arguments regarding a change in the law.

### 1. Career Offender Enhancement Pursuant to U.S.S.G. § 4B1.1

Defendant argues that pursuant to Section 401 of the First Step Act, prior drug convictions for "distribution of cocaine base" cannot be used to enhance a drug sentence to include a statutory enhancement under Sentencing Guideline § 4B1.1, because Defendant did not serve over one year for his prior drug convictions. ECF No. [386] at 3-4. Defendant argues that for a sentence to be enhanced under § 4B1.1 today, the Defendant must have at least two qualifying prior convictions for serious felony convictions of either a crime of violence or controlled substance offense and must have served more than 12 months on the prior offenses, which he did not. ECF No. [386] at 4. Defendant states he would not have been eligible for a career offender enhancement today: his base offense level today would be 25, category VI with a calculated guideline range of 110 - 137 months, instead of his current base offense level of 31, and guideline range of 188 to 235 months,

leading to a sentence of 204 months. ECF No. [386] at 2. The Government responds that Defendant would remain a career offender if sentenced today. ECF No. [387] at 2. The Government points out that pursuant to Sentencing Guideline § 4B1.1(b) and § 4B1.2(b), a "controlled substance offense" is an offense *punishable* by more than one year of imprisonment: it is irrelevant whether Defendant actually served more than twelve months for his sale of cocaine convictions. ECF No. [387] at 3-4. Instead, the Government asserts Defendant's argument actually applies to predicate offenses for purposes of 21 U.S.C. § 841(a)(1) and 851, for which a defendant must have "served a term of imprisonment of more than twelve months[,]" but the Government agreed not to seek such an enhancement in this case. *Id.* at 4. Defendant replies that he clearly stated that because of section 401 of the First Step Act, his prior convictions do not qualify for a § 4B1.1 enhancement. ECF No. [388] at 1-2 (citing *United States v. Padgett*, No. 5:06CR13-RH, 2024 WL 676767, at *5 (N.D. Fla. Jan. 30, 2024)). Defendant reiterates that if sentenced today, he would not be subject to the § 4B1.1 career offender enhancement, which creates a gross disparity between the sentence being served and the sentence he would receive today. ECF No. [388] at 2.

## 2.    Sentencing Guideline § 4B1.1

Under Sentencing Guideline § 4B1.1,

(a) A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a). The Sentencing Guidelines currently define the terms as follow:

(a) Crime of Violence.—The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
(1) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c).

(b) Controlled Substance Offense.—The term "controlled substance offense" means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—

(1) prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense; or

(2) is an offense described in 46 U.S.C. § 70503(a) or § 70506(b).

U.S.S.G. § 4B1.2. Under 46 U.S.C. § 70506(b) "[a] person attempting or conspiring to violate section 70503 of this title is subject to the same penalties as provided for violating section 70503." 46 U.S.C. § 70506(b).

Defendant argues that today, the third requirement of § 4B1.1(a) mandating "at least two prior felony convictions of either a crime of violence or a controlled substance offense" for a career offender enhancement, does not apply to him. The Court finds that Defendant would still qualify for a § 4B1.1(a) career offender enhancement. According to the Defendant's Presentence Investigation Report, Defendant was subject to the § 4B1.1 career offender enhancement as follows:

> According to § 4B 1.1(a), the defendant is considered a career offender because he was at least 18 years old at the time of the instant offense, the instant offense is a felony substance controlled offense, and the defendant has at least two prior felony convictions of a controlled substance offenses and a crime of violence. The defendant was convicted on June 6, 1991 for second degree murder, Dkt. No. 1991-CF-001855; on March 30, 2003 for sale of cocaine, Dkt. No. 2002-CF-015384; and on February 26, 2004 for sale of cocaine, Dkt No. 2003-CF-014006. Since the statutory maximum penalty for the instant offense is 40 years, the offense level is 34, § 4B 1.1(b).[1]

---

[1] The full case number for Defendant's March 30, 2003 conviction for sale of cocaine is 50-2002-CF-015384-AXXX-WB. The full case number for Defendant's February 26, 2004 conviction for sale of cocaine is 50-2003-CF-014006-AXXX-WB. Both convictions took place in state court in Palm Beach County, Florida.

PSI ¶ 60.

The Government is correct that since Defendant does not contest that the second-degree murder was a crime of violence, the question is whether at least one of Defendant's convictions for sale of cocaine are "controlled substance offense[s]" under Sentencing Guideline § 4B1.1(a). The definition for a controlled substance offense for the purpose of § 4B1.1 comes from Sentencing Guideline § 4B1.2(b), which states that:

> The term "controlled substance offense" means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
> (1) prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense; or
> (2) is an offense described in 46 U.S.C. § 70503(a) or § 70506(b).

U.S.S.G. § 4B1.2(b). Under that definition, Defendant's prior convictions for the sale of cocaine are controlled substance offenses. The case numbers reflected in the PSI reflect that each conviction and sentence was imposed in Florida state court.

Under the Florida law in effect during Defendant's conviction, "it [wa]s unlawful for any person to sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance…" Fla. Stat. § 893.13(1)(a) (2003). Cocaine was classified as a Schedule II substance under Fla. Stat. § 893.03(2)(a)(4) (2003). A person who violated Florida's law prohibition to "sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance" listed under Fla. Stat. § 893.03(2)(a), such as cocaine, "commits a felony of the second degree…" Fla. Stat. § 893.13(1)(a)(1) (2003). Such a felony was at the time punishable "by a term of imprisonment not exceeding 15 years." Fla. Stat. § 775.082(3)(c) (2003). As the Eleventh Circuit clarified under the same version of the statute that Defendant was charged under in 2014, a violation of "Section 893.13(1) of the Florida Statutes is … a 'controlled substance offense,' [pursuant to] U.S.S.G. § 4B1.2(b)." *United States v. Smith*, 775 F.3d 1262, 1268 (11th

14

Cir. 2014). In *Smith*, the offenses at issue were possession of marijuana with intent to sell and possession of cocaine with intent to sell under Fla. Stat. § 893.13(1)(a)(2).

Accordingly, both of Defendant's prior convictions in Florida state court for sale of cocaine are "punishable by imprisonment for a term exceeding one year" under a state law that "prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance[.]" U.S.S.G. § 4B1.2(b). Combined with his past murder conviction, "the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense" so he would be subject to a career offender enhancement if he were sentenced today. U.S.S.G. § 4B1.1(a).

Defendant argues that he is ineligible for the § 4B1.1 enhancement because he served separate terms of 4 months' imprisonment and 7 months' imprisonment for his sale of controlled substance convictions. Because the Sentencing Guidelines ask whether Defendant's previous offenses of conviction were "punishable by imprisonment for a term exceeding one year[,]" which they were, Defendant would still be subject to the career offender enhancement today. U.S.S.G. § 4B1.2(b).

As such, there is no change in law entitling Defendant to a sentence reduction as Defendant would still be eligible for a career offender enhancement if he were sentenced today.

### 3.     Section 401 of the First Step Act

Defendant argues that the change of law pursuant to Section 401 of the First Step Act amended the Controlled Substances Act and now he is ineligible for a § 4B1.1 enhancement under the Sentencing Guidelines. ECF No. [388] at 1-2. Under Section 401 of the First Step Act, the definition of a serious drug felony is as follows:

(57) The term "serious drug felony" means an offense described in section 924(e)(2) of title 18 for which—

(A) the offender served a term of imprisonment of more than 12 months; and

(B) the offender's release from any term of imprisonment was within 15 years of the commencement of the instant offense.

21. U.S.C. § 802(57).

Defendant was convicted under 21 U.S.C. § 846 and § 841(a)(1) for conspiracy to possess with intent to distribute 28 grams or more of cocaine base on February 20, 2013. ECF No. [260]. Today, under 21 U.S.C. § 841(b)(1)(A), regulating sentences for various drug offenses,

> (B) In the case of a violation of subsection (a) of this section involving--
> …
> (iii) 28 grams or more of a mixture or substance described in clause (ii) which contains cocaine base; ….
> such person shall be sentenced to a term of imprisonment which may not be less than 5 years and not more than 40 years and if death or serious bodily injury results from the use of such substance shall be not less than 20 years or more than life, a fine not to exceed the greater of that authorized in accordance with the provisions of Title 18 or $5,000,000 if the defendant is an individual or $25,000,000 if the defendant is other than an individual, or both.

21 U.S.C. § 841(b)(1)(B) (2022).

However, a sentence can be enhanced if a defendant was previously convicted of certain types of convictions: "[i]f any person commits such a violation after a prior conviction for a serious drug felony or serious violent felony has become final, such person shall be sentenced to a term of imprisonment which may not be less than 10 years and not more than life imprisonment…" *Id.* The previous version of the statute, under which Defendant was sentenced, did not require a "serious drug felony" but added a sentencing enhancement "[i]f any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 10 years and not more than life imprisonment…" 21 U.S.C. § 841(b)(1)(B) (2010). As summed up by a sister court,

> [U]nder the prior law, any "felony drug" conviction—including one for mere possession—could increase the penalty range, regardless of the sentence actually imposed or how old the conviction was. *See* 21 U.S.C. § 841(b)(1)(A) & (B) (2005). But under the First Step Act, only a prior conviction for a "serious drug offense" can trigger an increase.

*United States v. Padgett*, 713 F. Supp. 3d 1223, 1228 (N.D. Fla. 2024).

Defendant was never subjected to a sentencing enhancement for his prior drug felonies under 18 U.S.C. § 851. Defendant's February 20, 2013 PSI recommended "a minimum term of imprisonment [of] 5 years and [a] maximum term [of] 40 years" under 21 U.S.C. 841(b)(1)(B). PSI § 104. The PSI states:

> The government agreed to not file an enhancement, pursuant to 18 U.S.C. § 851, which would have subjected the defendant to a ten year mandatory minimum term and up to a statutory maximum term of life in prison and an advisory guideline imprisonment range of approximately 262 to 327 months imprisonment.

PSI § 3.

Defendant was not subject to an enhanced mandatory minimum due to a prior "felony drug offense." 21 U.S.C. § 841(b)(1)(B) (2010). Accordingly, the fact that the First Step Act restricted the ten-year mandatory minimum to a "serious drug felony" does not entitle Defendant to a sentence reduction. 21 U.S.C. § 841(b)(1)(B) (2022). There is no change in law that "would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed…" U.S.S.G. § 1B1.13(b)(6).

### 4.    Inchoate Offenses

Defendant also argues that a change in the law pertaining to inchoate offenses warrants a sentence reduction, as the Eleventh Circuit has now held that a conspiracy conviction for a controlled substance offense does not qualify as a controlled substance offense for the purpose of the career offender enhancement, because the plain text of Sentencing Guideline § 4B1.2(B) of U.S.S.G unambiguously excludes inchoate crimes. ECF No. [386] at 5-6. *See United States v. Dupree*, 57 F.4th 1269 (11th Cir. 2023). The Government responds that under Amendment 822 of the Sentencing Guidelines in 2023, and in the aftermath of *Dupree*, the language defining "crime of violence" and "controlled substance offense" to include inchoate offenses was moved from the

commentary to the Sentencing Guideline text and provided that the definitions of "crime of violence" and "controlled substance offense" included the offenses of aiding and abetting, conspiring, and attempting to commit such offenses. ECF No. [387] at 5. Defendant replies that Amendment 822 was not in force at the time of his sentence, and instead Amendment 779 applies to his case and bars inchoate sentences from qualifying under the § 4B1.1 career offender commentary at the time of his sentencing. ECF No. [388] at 3. Defendant urges that it would be an *ex post facto* violation to sentence him based on Amendment 822, and instead Defendant should be entitled to the intervening change in circuit law under *Dupree*, 57 F.4th at 1269. ECF No. [388] at 3.

To grant a reduced sentence based on an unusually long sentence, the Court can consider a change in the law "only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed…" U.S.S.G. § 1B1.13(b)(6). Here, Defendant filed this Motion on January 29, 2024, and the Court analyzes the law regarding inchoate offenses and their application to the career offender enhancement under Sentencing Guideline § 4B1.1 at that time.

Defendant is correct that on January 18, 2023, the Eleventh Circuit found that the "text of § 4B1.2(b) unambiguously excludes inchoate crimes" from qualifying as prior convictions enhancing a sentence under § 4B1.1. *United States v. Dupree*, 57 F.4th 1269, 1279 (11th Cir. 2023). Because the Eleventh Circuit found Sentencing Guideline § 4B1.2 unambiguous, they did not consider, nor turn to the commentary in application note 1 of Sentencing Guideline, where the commentary expanded the definition of § 4B1.2 to include inchoate offenses of attempt and conspiracy. As a result, the Eleventh Circuit found that a previous conviction for "conspiracy to possess with intent to distribute heroin and cocaine in violation of § 846 is not a controlled

substance offense" warranting the application of the career offender enhancement under Sentencing Guideline § 4B1.1. *United States v. Dupree*, 57 F.4th 1269, 1280 (11th Cir. 2023).

However, effective on November 1, 2023, the Sentencing Guideline was amended to include inchoate offenses into the definition of "crimes of violence" and "controlled substance offense[,]" shifting the definition from the commentary to the Sentencing Guidelines. The Sentencing Guidelines now provide that "[t]he terms 'crime of violence' and 'controlled substance offense' include the offenses of aiding and abetting, attempting to commit, or conspiring to commit any such offense" for purpose of a career offender enhancement. U.S.S.G. § 4B1.2. Were Defendant sentenced "at the time his motion was filed" a prior inchoate offense for a "controlled substance offense" such as conspiring to commit the offense would have qualified for purpose of a sentencing enhancement. U.S.S.G. § 1B1.13(b)(6).

In any event, it does not appear Defendant's prior drug convictions were for inchoate offenses. Instead, according to the PSI, the March 30, 2003, Dkt. No. 2002-CF-015384, and February 26, 2004, Dkt No. 2003-CF-014006, were each convictions for sale of cocaine. PSI ¶ 60. Accordingly, Defendant is not entitled to a reduction in sentence based on a gross disparity between the sentence imposed when he was sentenced and the sentence that would be imposed on January 29, 2024.

### 5.       Fair Sentencing Act: Crack-to-Powder Disparity

Defendant also argues that he is eligible for a sentence reduction pursuant to the Fair Sentencing Act, which increased the drug amount triggering minimums for crack cocaine trafficking to reduce the 100-to-1 crack-to-powder sentencing disparity to 18-to-l. ECF No. [386] at 7-8. The Government does not respond to this argument.

The Fair Sentencing Act of 2010 amended 21 U.S.C. § 841(b)(1), which streamlines penalties for various controlled substance offenses. The Act increased the amount of a controlled substance offense involving a "mixture or substance described in clause (ii) which contains cocaine base" that would trigger a five-year minimum from 5 grams to 28 grams. 21 U.S.C. § 841(b)(1)(B)(iii). It also increased the amount of a controlled substance offense involving a "mixture or substance described in clause (ii) which contains cocaine base" that would trigger "a term of imprisonment which may not be less than 10 years or more than life[.]" 21 U.S.C. 841(b)(1)(A)(iii). Defendant was sentenced on February 26, 2013, after the implementation of the Fair Sentencing Act and its reduction of the crack-to-powder sentencing disparity, so it is not a change in law entitling him to a reduced sentence under Sentencing Guideline § 1B1.13 (b)(6). Though Defendant states he was unable to benefit from the Fair Sentencing Act of 2010, but fails to explain why. ECF No. [386] at 8.

Accordingly, Defendant is not eligible for a reduced sentence based on the Fair Sentencing Act.

### 6.    Department of Justice Memorandum

Defendant urges the Court to consider the Department of Justice memorandum dated December 16, 2022, instructing prosecutors to decline to charge the quantity of drugs necessary to trigger a mandatory minimum sentence if the Defendant satisfied certain criteria, all of which are satisfied by Defendant. ECF No. [386] at 9. The Government does not respond to this argument.

Defendant argues the Department of Justice memorandum constitutes a change of law. The memorandum for all federal prosecutors states:

> [I]n cases in which Title 21 mandatory minimum sentences are applicable based on drug type and quantity, prosecutors should decline to charge the quantity necessary to trigger a mandatory minimum sentence if the defendant satisfies all of the following criteria:

- The defendant's relevant conduct does not involve: the use of violence, the direction to another to use violence, the credible threat of violence, the possession of a weapon, the trafficking of drugs to or with minors, or the death or serious bodily injury of any person;
- The defendant does not have a significant managerial role in the trafficking of significant quantities of drugs;
- The defendant does not have significant ties to a large-scale criminal organization or cartel, or to a violent gang; and
- The defendant does not have a significant history of criminal activity that involved the use or threat of violence, personal involvement on multiple occasions in the distribution of significant quantities of illegal drugs, or possession ofillegal firearms.

….

If information sufficient to determine that all of the criteria above are satisfied is available at the time initial charges are filed, prosecutors should decline to pursue Title 21 charges triggering a mandatory minimum sentence.

Memorandum For All Federal Prosecutors, *Additional Department Policies Regarding Charging, Pleas and Sentencing in Drug Cases*, Attorney General, December 16, 2022, available at https://www.justice.gov/d9/2022-12/attorney_general_memorandum_-_additional_ department _policies_regarding_charges_pleas_and_sentencing_in_drug_cases.pdf ("DOJ Memorandum"). Defendant fails to set forth why the Department of Justice memorandum is a "change in the law" warranting a reduced sentence under U.S.S.G. § 1B1.13(b)(6).

Accordingly, Defendant is not entitled to a reduced sentence based on the Department of Justice Memorandum.

### C.   Sentencing Factors Under § 3142(g) and § 3553(a)

The Court next determines whether Defendant poses a danger to the safety of others or to the safety of the community pursuant to § 3142(g) and whether the sentencing factors under § 3553(a) support Defendant's release.

Defendant argues that he has demonstrated excellent rehabilitation after deciding to turn his life around, completed a drug program, and is now qualified for the Residential Drug Treatment Program, ECF No. [386] at 12. While incarcerated, he also earned his G.E.D., for which he attaches

his transcript and diploma. *Id.* at 13, 25, 33. Further, Defendant's elderly mother is 70-years old and needs her son to take care of her due to her poor health. *Id.* Defendant argues he is a different man since the start of his incarceration, despite making poor choices in his life. *Id.* at 14. Defendant also attaches his good time data, which shows he earned 485 good time credits as of January 10, 2024. ECF No. [386] at 26. The Government responds that, while it commends Defendant for its engagement in programs, "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." ECF No. [387] at 13 (quoting 28 U.S.C. § 994(t)). The Government also argues that the § 3553(a) factors weigh against Defendant's release, as he amassed twenty criminal history points and was considered as having a criminal history category VI separate and apart from his career offender designation and sustained disciplinary infractions while incarcerated. ECF No. [387] at 13-14. Defendant replies that he has not alleged only rehabilitation, but a disparity from a non-retroactive change in the law. ECF No. [388] at 6-7. Defendant attaches his disciplinary records, which lists four disciplinary offenses: two for conduct that occurred in 2014 for "phone abuse-disrupt monitoring" and testing positive to marijuana. ECF No. [386] at 27-28. Two are for conduct that occurred in 2022 for "being insolent to staff member" and "possessing drugs/alcohol" *Id.* at 27. He also attaches programming he completed from 2014 to 2023 indicating he underwent drug abuse programs and a letter from his mother who states that she and her husband will gladly accept her son "into our home as long as he pleases." *Id.* at 36.

Under the 3142(g) factors, Defendant argues he has an exceptional post-sentencing rehabilitation record while incarcerated and only received 4 disciplinary incidents, none which included violence. ECF No. [386] at 14. Defendant states his age weighs against reoffending, as he would live with his mother upon release, plans to seek employment as a tractor driver, and has numerous family and friends. *Id.* at 14.

The sentencing factors under § 3553(a) include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for—

    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . .

. . . .

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). "The factors listed in 3142(g) are largely duplicative of those in 3553(a)." *United States v. Martin*, No. CR 98-178, 2020 WL 3960433, at \*6 (E.D. Pa. July 13, 2020) (quoting *United States v. Salvagno*, No. 02-51, 2020 WL 3410601, at \*7 (N.D.N.Y. Apr. 23, 2020)). [2]

---

[2] Under Sentencing Guideline § 1B1.13(a)(2), the court may reduce a term of imprisonment if "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)[.]" U.S.S.G. § 1B1.13(a)(2). Section 3142(g) sets forth the relevant factors to consider to determine if a defendant is a danger to the safety of other persons or of the community:

    (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

    (2) the weight of the evidence against the person;

    (3) the history and characteristics of the person, including—

        (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

        (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

    (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release . . . .

Case No. 12-cr-80118-BLOOM

While Defendant's history and characteristics under § 3142(g) and § 3553(a) may support a reduced sentence, Defendant is not entitled to one as he does not identify a change in law under Sentencing Guideline § 1B1.13(b)(6).

## I.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion, **ECF No. [386]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 16, 2024.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Deric Demetrius Willis
00242-104
Jesup FCI
Federal Correctional Institution
Inmate Mail/Parcels
2680 301 South
Jesup, GA 31599

---

18 U.S.C. § 3142(g).